## ZACHARIAH JELLISON *et al. versus* EDWARD LAFONTA.

A factor in New Orleans came to Boston where his principal resided, and having adjusted his account with him, stated, that he was about to negotiate some exchange on New Orleans, and that he would make the amount large enough to cover the balance due from him upon such adjustment, and would then pay it. It was *held*, that this was a waiver by the factor, of the privilege of paying the balance in New Orleans, if he was entitled to such privilege, and an unconditional promise to pay it in Boston.

Where one of the owners of a vessel, who alone managed its concerns and made the necessary advances, settled the account of an adventure in which all the owners were interested, with the factor to whom the vessel and cargo were consigned, but the account was stated as with the owners, it was *held*, that all the owners were properly joined in an action against the factor for the balance due from him upon such settlement.

ASSUMPSIT. At the trial, before *Wilde* J., it appeared, that the plaintiffs, to wit, Z. Jellison & Co. and Little & Haskell, were owners of the brig Ellsworth ; that the vessel had been always employed by Jellison & Co. on the joint account of the owners ; that in the summer of 1835, she was sent by the plaintiffs to Rio de Janeiro for a cargo of coffee, to be shipped to New Orleans ; that before her arrival at New Orleans, it was agreed between Jellison & Co. and Dimmock & Lafonta, who were merchants and partners, in New Orleans, that the cargo should be consigned to them for sale, and that they should be interested in the profit or loss on the cargo to the amount of one third ; that the coffee was accordingly sold by them, and that afterwards Dimmock died ; and that in July or August 1836, Lafonta, the defendant, being in Boston, the accounts of the voyage were examined by him and Jellison together; and the balance due from Dimmock & Lafonta finally ascertained to be the sum of $ 1374·14.

. It also appeared, that, at the time of the adjustment of the accounts, the defendant inquired of Jellison in what manner he would have the balance paid, and offered to pay it by a draft on New Orleans ; that this offer was declined, and cash or a draft at short sight on a house in Boston required ; that the defendant then stated, that he was about to negotiate some exchange on New Orleans, and that he would make the amount large enough to cover such balance and would then pay it ;

Jellison<br>*v.*<br>Lafonta.

and that, on the 30th of August, 1836, the defendant wrote to Jellison, offering to pay the balance at New Orleans.

It further appeared, that all the advances for the purchase of the cargo and for the navigation of the ship were made by Jellison & Co., with the exception of what was paid by Dimmock & Lafonta ; and that the other owners had settled no account of this voyage with Jellison & Co., at the time when this action was commenced.

The defendant contended, upon these facts, that the action could not be maintained.

As there were no facts in dispute between the parties, the cause was taken from the jury and submitted to the Court upon the questions of law arising therein.

*W. J. Hubbard* and *Watts*, for the plaintiff, to the point, that all the plaintiffs were properly joined, cited *Skinner* v. *Stocks*, 4 Barn. & Ald. (Am. ed.) 437, and note ; Abbott on Shipping, (Story's ed. 1829,) 82 and note ; Saund. on Pl. & Evid. 701, 702.

*C. P. Curtis* and *B. R. Curtis*, for the defendant.

*June 30th*

Shaw C. J. delivered the opinion of the Court. Two questions have been made in this cause : first, whether the defendant was liable to pay the balance in Boston ; and secondly, whether the action can be maintained by the four plaintiffs jointly.

*July 1st.*

In regard to the first question, the nature and terms of the contract by which Dimmick & Lafonta became interested with the owners of the brig Ellsworth, in the cargo of coffee from Rio, does not distinctly appear. In general, a factor or commission merchant is not liable to an action for money had and received from sales of goods consigned, until he has failed to remit the proceeds, according to the orders of his employer, or the usage of trade, or has been chargeable with some other neglect, default or breach of duty. How far this rule would apply upon the settlement of a joint account, where one of the partners has acted for himself and those interested with him in the adventure, would depend much upon the nature of the arrangement. If it depended wholly upon this point, we should think it necessary to have a more precise statement of the facts.

21ª

Jellison
v.
Lafonta.

But there is another point, which we think decisive. The defendant having made sales of the cargo, for the joint account of himself and his partners in the adventure, at New Orleans, and having remitted the greater part of the proceeds, comes to Boston, and then settles his accounts, which result in a balance against him, being a loss on the adventure. If he had any privilege arising from his character as a factor, to pay only at New Orleans, we think he waived it by his uncond'-tional promise to pay the balance here. The defendant asked how the plaintiffs would have the balance paid, which was then due, and offered a bill on New Orleans, which they declined, and required cash, or a draft at short sight on a house in Boston. The defendant then said he was about negotiating some exchange on New Orleans, and would make the amount large enough to cover this balance, and would pay it. It was an absolute promise to pay here; and his mode of speaking of negotiating exchange on New Orleans was only indicating the means by which he expected to raise the funds, and was equivalent to a request of the plaintiffs to wait a few days, or an assurance that they should have it in a few days. This being a waiver of his privilege to pay only at New Orleans, if he ever had it, his subsequent letter offering to pay at New Orleans did not bar the plaintiffs' right of action against him.

On the other point it appears that the owners of the brig, consisting of the four plaintiffs, were jointly interested in this adventure with the defendant and had a joint right of action upon the settlement made by Jellison in their behalf and as their agent. The account is stated as with the owners; and the balance is due to them.

*Judgment for the plaintiffs.*